IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

BERNARDO ANTONIO ALVAREZ,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

CIVIL NO. 06-2167(CCC)
Related No. 05-280(CCC)

## OPINION & ORDER

Before the Court is the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (hereinafter "Petition") filed by petitioner Bernardo Antonio Alvarez (hereinafter "Petitioner" or "Alvarez") (**docket entry 1**) and the Response to the Petition filed by respondent United States (docket entry 8). For the reasons discussed below, the Court finds that the Petition must be DENIED.

## I. BACKGROUND

On August 17, 2005, a federal Grand Jury returned a one (1) count Indictment against Petitioner (docket entry 1 in Crim. No. 05-280(CCC)).[1] Count One of the Indictment charged Petitioner with being an alien previously removed from the United States who was found in the United States without obtaining, prior to his reembarkation at a place outside the United States, the express consent from the Attorney General or his successor, the Secretary of Homeland Security. Petitioner's removal from the United States was subsequent to a conviction for the commission of a felony, namely possession with the intent to distribute heroin and conspiracy to violate the Controlled Substances Act, all in violation of Title 8 U.S.C. §1326(a)(1) and 1326(b). On October 19, 2005, Petitioner, through his counsel, filed

---

[1] Hereinafter, all references to docket entries in the criminal case shall be identified as "Crim. docket entry ___.

CIVIL 06-2167CCC                                  2

a motion requesting a change of plea hearing (Crim. docket entry 16).  On November 4, 2005, Petitioner's change of plea hearing was held before then U.S. Magistrate-Judge Gustavo A. Gelpí (Crim. docket entry 21).[2]  Magistrate-Judge Gelpí recommended that the Court accept Alvarez's guilty plea on November 4, 2005 (Crim. docket entry 23), and on November 10, 2005 the Court entered an order adopting the Magistrate-Judge's Report and Recommendation thereby accepting Petitioner's plea of guilty (Crim. docket entry 24). Petitioner was sentenced on February 2, 2006 to a term of imprisonment of thirty (30) months; a term of supervised release of three (3) years and a special monetary assessment of one hundred dollars ($100.00) (Crim. docket entry 29).  On April 18, 2006, Petitioner filed a <u>pro se</u> notice of appeal (Crim. docket entry 30), which on October 3, 2006 the Court of Appeals dismissed as untimely.  <u>United States v. Bernardo Antonio Alvarez</u>, No. 06-1801 (1st Cir. October 3, 2006).[3]

**II. DISCUSSION**

In his Petition, Alvarez raises a claim of ineffective assistance of counsel.  He alleges that his trial counsel was ineffective in three ways: (1) counsel was ineffective for failing to timely file a notice of appeal; (2) Petitioner's plea of guilty was not done knowingly and voluntarily since his counsel advised him that his sentence would not exceed twenty one (21) months; and (3) counsel was ineffective because Alvarez's prior conviction used to enhance his sentence was not established during his plea colloquy and the attorney failed to object said enhancement.

---

[2] Petitioner plead guilty to what is known as a "straight plea," that is, he plead guilty to the one count Indictment as charged without entering into a plea agreement with the government.

[3] No. 06-1801 refers to the appeals docket number of the case since it is an unpublished judgment.

CIVIL 06-2167CCC                                3

### A. 28 U.S.C. §2255 standards and exhaustion requirements

28 U.S.C. §2255 allows a federal prisoner to move the court to vacate, set aside, or correct his sentence if one of the following events happens:

1. the sentence was imposed in violation of the Constitution or laws of the United States,
2. the court was without jurisdiction to impose the sentence,
3. the sentence was in excess of the maximum authorized by law or,
4. the sentence is otherwise subject to collateral attack.

When a prisoner files a motion for relief pursuant to §2255, the Court may dismiss the motion without an evidentiary hearing if "the motion and files and records of the case show conclusively that the movant is not entitled to relief."

### B.   Claim of Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, a defendant must show that:

1. His attorney's performance was deficient, and
2. The deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984).

In order to establish deficiency, a defendant must establish that counsel's performance "fell below an objective standard of reasonableness under prevailing professional norms." Strickland 466 U.S. at 688. Under Strickland, counsel is presumed to have acted within the range of "reasonable professional assistance," and it is defendant who bears the burden of "overcoming the presumption that, under the circumstances, that challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689. To show prejudice, a defendant must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable

CIVIL 06-2167CCC                                        4

probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

Thus, it is pellucidly clear that Petitioner was obligated to show both that counsel's performance fell below an objective standard of reasonableness and that prejudice resulted from it. Strickland, 466 U.S. at 687. See also López-Nieves v. United States, 917 F.2d 645, 648 (1st Cir. 1990). He must do this as to each particular instance in which he claims ineffective assistance of counsel. Counsel's performance must be examined "not in hindsight, but based on what the lawyer knew, or should have known, at the time his tactical choices were made and implemented." United States v. Natanel, 938 F.2d 302, 309 (1st Cir. 1992). The "range of reasonable professional assistance" is quite wide. See Strickland, 466 U.S. at 689. The Supreme Court has stated that "judicial scrutiny of counsel's performance must be highly deferential." See Strickland, 466 U.S. at 689.

**Failure to Appeal**

Petitioner contends in his §2255 motion that despite having requested his counsel to appeal his sentence, the latter failed to do so, which required him to file in a tardy fashion a pro se notice of appeal which was eventually dismissed by the Court of Appeals. Petitioner alleges that his right to appeal was lost due to his ineffective assistance of counsel. The record, however, does not support Petitioner's contentions.

Petitioner's judgment was entered on February 2, 2006 (Crim. docket entry 29). The record reveals that on February 9, 2006, Petitioner filled out a document entitled "Election Regarding Right to Appeal." See Exhibit 2 of docket entry 8. In said document, at page 3, Petitioner marked the letter "c" which states "I DO NOT WANT TO APPEAL. After having discussed the merits of my appeal, and that my lawyers understand that there is no basis for

an appeal, I, the undersigned, decide that I WILL NOT APPEAL." Id.[4] The document is signed by Petitioner Alvarez.[5] Nevertheless, on April 18, 2006 Petitioner filed a notice of appeal pro se (Crim. docket entry 30). On May 22, 2006, the Court of Appeals entered the following order:

> Upon review of the record in this case, it appears that this appeal should be dismissed as untimely. The district court entered judgment in Cr. No. 05-00280(D.P.R.) on February 9, 2006. The time to file a notice of appeal within the limits set forth in Fed.R.App.P. 4(b)91)(A) expired on February 24, 2006. Although the district court may extend the time for filing a notice of appeal by up to 30 additional days upon showing of excusable neglect or good cause, see Fed.R.App.P. 4(b)94), the district court does not have authority to extend the time to appeal beyond that point. It appears that appellant's notice of appeal should have been filed no later than March 27, 2006, but that it was not filed until April 18, 2006. Accordingly, appellant is ordered either to move for voluntary dismissal of the appeal pursuant to Fed. R. App. P. 42(b), or to show cause, in writing filed by June 5, 2006, why this appeal should not be dismissed as untimely. If, however, counsel concludes that there is no non-frivolous argument that this court has jurisdiction and is unable to convince defendant to withdraw the appeal, counsel may so inform the court and move to be relieved as appellate counsel pursuant to Anders v. California, 386 U.S. 738(1967). See United States v. Ferraro, 992 F.2d 10,11 (2d Cir. 1993). Any such motion pursuant to Anders must be accompanied by proof of service on defendant and certification that counsel has advised defendant that he has thirty days within which to file a separate, pro se response....

Court of Appeals' Order dated May 22, 2006.

On June 29, 2006, the Federal Public Defender's Office complied with the Court of Appeals' Order by informing it of Petitioner's voluntary waiver of his right to appeal[6] and requesting to be relieved from the case pursuant to Anders. See Exhibit 2 of docket entry 8.

---

[4]The statements and explanations of the entire document are redacted in both the English and Spanish language.

[5] Page 4 of the document contains a certification which states that the Assistant Federal Public Defender had met with Petitioner and explained the merits of the appeal and that Petitioner made his decision and so marked the document. The certificate is signed by Assistant Federal Public Defender Max Pérez-Bouret and is also dated February 9, 2006. See Exhibit 2, page 4, of docket entry 8.

[6]The document entitled "Election Regarding Right to Appeal" was provided to the Court.

CIVIL 06-2167CCC                                              6

Nevertheless, Petitioner chose to continue with the appeal pro se and on October 3, 2006 the Court of Appeals entered judgment dismissing it as untimely.

The United States Supreme Court has stated that those whose right to appeal have been frustrated should be treated like any other appellant and should not be given additional hurdles to clear. Rodríguez v. United States, 395 U.S. 327 (1969). See also United States v. Tajeddini, 945 F.2d 458 (1st Cir. 1991), cert. denied, 505 U.S. 1211(1992). However, Petitioner's loss of his right to appeal does not fall within these parameters, for it was he who voluntarily chose not to appeal. This case falls within the spectrum of cases where a defendant has expressly indicated to counsel that he did not want to appeal and defendant "plainly cannot later complain that, by following his instructions, his counsel performed deficiently." Roe v. Flores-Ortega, 528 U.S. 470 at 477 (2000).

Petitioner cannot now attribute his decision to a failure on the part of his counsel. The record clearly demonstrates that it was Petitioner's conscious decision not to file a timely notice of appeal. A later change of heart on his part cannot be transformed now into a valid claim of ineffective assistance of counsel.

Having established that Petitioner's claim of ineffective assistance of counsel for failure to file a timely notice of appeal is meritless, the same is hereby **DENIED**.

**Plea was not knowingly and voluntarily**

Petitioner alleges that he pled guilty based solely on the representations from his counsel that he would be sentenced within a range of eighteen (18) to twenty one (21) months of imprisonment. Since Petitioner's actual sentence was to a term of thirty (30) months of imprisonment, he now avers that his counsel was ineffective and his plea was not done knowingly and voluntarily.

Once again, a review of the record defeats Petitioner's claim, as the transcript of his change of plea hearing held before U.S. Magistrate-Judge Gelpí leaves no doubt that

CIVIL 06-2167CCC                              7

Petitioner was well aware of the sentencing range he faced and that he pled guilty voluntarily and with knowledge of the consequences.

> THE COURT: So. Let me advise you that for this crime to which you will be pleading guilty, you are subject to a maximum term of imprisonment of life imprison– I mean, excuse me, of 20 years, forgive me, 20 years the maximum penalty of imprisonment. Also, you could be sentenced to pay a fine of up to $250,000, a term of supervised release of up to three (3) years, am I correct, counsel?
>
> MS. DURAN: Yes, Your Honor.
>
> MR. PÉREZ BOURET: Yes, Your Honor.
>
> THE COURT: And a special monetary assessment of $100. Is that understood?
>
> DEFENDANT ALVAREZ: Yes, Your Honor.
>
> THE COURT: Okay. Let me advise you that the Sentencing Guidelines no longer are mandatory. So, the Sentencing Judge, that's Judge Cerezo, will have to consider the guidelines at the time of your sentence, but she is not bound by them. Do you understand this?
>
> DEFENDANT ALVAREZ: Yes, Your Honor.
>
> THE COURT: Judge Cerezo is only bound by the statutory limits. Again, we have a maximum of 20 years and there is no minimum mandatory . . . Is that understood?
>
> DEFENDANT ALVAREZ: Yes, your Honor.

Transcript of the November 4, 2005 change of plea hearing (C.O.P. Tr.), at pp. 7-8.

The record reveals that Magistrate-Judge Gelpí informed Alvarez of the sentencing exposure for pleading guilty and that he inquired if Petitioner was aware of the maximum possible penalties. The Magistrate-Judge went on to ascertain that Petitioner had not been promised a particular sentence and also explained to him the possible sentencing guideline calculations. At no time did Petitioner inform the Magistrate-Judge of his belief that he would be sentenced to a term of imprisonment of between 18 to 21 months.

> THE COURT: Let me advise you that at this time no promises of any sentence particularly have been made to you, correct?
>
> DEFENDANT ALVAREZ: No, Your Honor.

CIVIL 06-2167CCC                                 8

>THE COURT: Let me explain, advise you, that–I don't know what specific sentence you are expecting but assuming that Judge Cerezo does not apply for any reason the guideline range and at the time of sentencing you receive a sentence harsher than any sentence you may contemplate, that is not grounds for you to vacate, have your plea withdrawn. Is that understood?
>
>DEFENDANT ALVAREZ: Yes, Your Honor.

(C.O.P. Tr., pp. 8-9).

>THE COURT: Now, let me ask Mr. Pérez. Have you discussed the advisory sentencing guidelines with your client at this time?
>
>MR. PÉREZ BOURET: Yes, Your Honor.
>
>THE COURT: Okay. Do you have an estimate of what he under the guidelines, his sentence should be?
>
>MR. PÉREZ BOURET: Under the guidelines, he is at a 17 offense level and depending on the criminal history, as determined, he would fall under that line.
>
>THE COURT: So, it would appear that if he's allowed 17, criminal history of possibly 2 or 3, correct?
>
>MR. PÉREZ BOURET: Correct.
>
>THE COURT: Okay. So, in theory facing 30 to 37 months, it could be higher, could be lower, depending on your criminal history. Is that understood?
>
>DEFENDANT ALVAREZ: Okay.
>
>THE COURT: Do you understand, this is an estimate at this time, and again, even if it's correct this estimate from the guidelines, it's only advisory. Judge Cerezo may find factors that may warrant a higher sentence or a lower sentence. Is that understood?
>
>DEFENDANT ALVAREZ: Yes, Your Honor.

(C.O.P. Tr., pp. 11-12.)

Clearly, Petitioner was well aware of the sentencing range he faced. At no time during the hearing did he ever express that his attorney had represented to him that his actual sentence would be between 18 to 21 months. He was given ample opportunity by the Court to inform his "belief" that he would be sentenced to less than the thirty (30) to thirty-seven (37) months suggested by the advisory guideline imprisonment range and chose not to do so.

CIVIL 06-2167CCC							9

Petitioner also had the chance to ask the Court for clarification as to the possible sentence which he faced yet failed to do so.

Ordinarily, a defendant is stuck with the representations that he himself makes in open court at the time of the plea. United States v. Butt, 731 F.2d 75, 80 (1st Cir. 1984). These representations are likely to be more reliable than later versions prompted by second thoughts. It appears that once Petitioner was sentenced he regretted the choice he made. This regret, however, cannot now be used to base a claim of ineffective assistance of counsel. Petitioner's contention that he was mislead as to the amount of time he would be sentenced to is simply unsupported by the record. As such, Petitioner's second claim of ineffective assistance of counsel is hereby **DENIED.**

### Claim under United States v. Booker

Petitioner's final allegation of ineffective assistance of counsel is based on the sentencing enhancement applied under the Sentencing Guidelines for his prior aggravated felony conviction. Petitioner contends that his sentence was invalid under United States v. Booker, 543 U.S. 220 (2005), because the aggravated felony used to enhance his sentence was not mentioned during the plea colloquy and his counsel was ineffective for failing to raise that omission at sentencing.

Petitioner cannot prevail in this claim either, as the transcript of the change of plea hearing belies him.

> THE COURT: . . . Also, before being removed, and you were removed following a conviction of a felony, that is a conviction for possession with intent to distribute heroin and conspiracy in violation of the laws of the State of Rhode Island....Is that understood?
>
> DEFENDANT ALVAREZ: Yes, Your Honor.

(C.O.P. Tr. pp. 6-7.)

> THE COURT: Now, let me ask you. Do you accept that you are Bernardo Antonio Alvarez, the person charged in the indictment?

CIVIL 06-2167CCC                                    10

>       DEFENDANT ALVAREZ: Yes, Your Honor.
>
>       THE COURT: Okay. Do you admit again that you are an alien?
>
>       DEFENDANT ALVAREZ: Yes, Your Honor.
>
>       THE COURT: Do you admit that prior to 2001 you were convicted in the State of Rhode Island for a drug felony?
>
>       DEFENDANT ALVAREZ: Yes, Your Honor.
>
>       THE COURT: And you also admit that the sentence for that drug felony was ten years which . . .
>
>       DEFENDANT ALVAREZ: Yes, Your Honor.
>
>       THE COURT: . . . was ultimately suspended? You also accept that you were – that following that offense you were removed, you were deported from the United States by Immigration authorities?
>
>       DEFENDANT ALVAREZ: Yes, Your Honor.

(C.O.P. Tr. pp. 14-15.)

It is plainly evident from the record that Alvarez acknowledged on more than one occasion during his change of plea hearing that he had a prior felony conviction.

In any event, even if defendant had failed to admit the commission of the prior felony during the change of plea hearing there would be no valid Booker claim. A district court commits Booker error by violating its Sixth Amendment holding, which requires that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005). See also United States v. Hunt, 503 F.3d 34, 38, n. 4 (1st Cir. 2007). Besides the fact that defendant admitted the commission of his prior conviction during the change of plea colloquy, it is simply not error under Booker to enhance a sentence on the basis of a prior conviction. Thus, Petitioner's final allegation of ineffective assistance of counsel as it relates to a Booker error is meritless and is also DENIED.

CIVIL 06-2167CCC                                         11

### III. CONCLUSION

For the reasons stated, the Court concludes that Petitioner Bernardo Antonio Alvarez is not entitled to relief on the claims presented.  Accordingly, his Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. §2255 (**docket entry 1**) is DENIED.  Judgment shall be entered DISMISSING this action, with prejudice.

SO ORDERED.

At San Juan, Puerto Rico, on June 30, 2009.

                                                S/CARMEN CONSUELO CEREZO
                                                UNITED STATES DISTRICT JUDGE